[Civ. No. 7726. Third Dist. Dec. 20, 1949.]

A. L. CARTER, Petitioner, v. THE SUPERIOR COURT OF MERCED COUNTY, Respondent; OLEN C. McDANIEL, Real Party in Interest.

C. Ray Robinson and James A. Coby for Petitioner.

Gregory P. Maushart, District Attorney, for Respondent.

Griswold, Winton & Mayes for Real Party in Interest.

THE COURT.—This court issued alternative writs of prohibition and mandamus directed to the respondent superior court in regard to certain eviction actions pending therein against A. L. Carter, the petitioner herein.

The pertinent allegations of the petition were that petitioner was the lessee of certain housing accommodations allegedly subject to the provisions of the Federal Housing and Rent Act of 1947, as amended (61 Stats. 193 et seq., 50 U.S.C.A. App. §§ 1881-1902) ; that Olen C. McDaniel, the owner of the leased premises and real party in interest, had not complied with the applicable federal regulations controlling the eviction of tenants and that the respondent superior court, in entertaining the eviction proceedings pending against petitioner, was acting in excess of its jurisdiction. In addition, the petition alleged that the remedy by appeal was not plain, speedy and adequate.

The answer of the real party in interest, filed shortly before the oral argument, denied that the agreement under which the petitioner had entered into possession of the premises constituted a lease; denied that the premises involved herein were subject to said federal act and denied that petitioner's remedy by appeal was not plain, speedy and adequate. The cause was taken under submission at the conclusion of the oral argument subject to the filing of additional authorities by the parties upon the question thus raised and presented to this court.

It had become increasingly apparent to this court from the authorities filed and the correspondence in regard thereto that the parties are in hopeless conflict as to the factual issues involved in this proceeding. In addition, it appears that such issues will necessarily be raised and decided by the respondent superior court upon the trial of the actions now pending therein. Therefore it necessarily follows that the

same questions would be involved on appeal after judgment. The rule is that whether the remedy by appeal is plain, speedy and adequate lies within the discretion of the court upon the particular circumstances of the case. (*McDonough* v. *Garrison*, 68 Cal.App.2d 318 [156 P.2d 983] ; *Peck* v. *Municipal Court*, 53 Cal.App.2d 267 [127 P.2d 668].)   The petitioner has failed to show that his remedy by appeal is inadequate and we are of the opinion that the writ should therefore be denied.

For the foregoing reason the petition is denied and the alternative writs are discharged.